IN THE UNITED STATES DISTRICT COURT
FOR THE __NORTHERN__ DISTRICT OF TEXAS
__FORT WORTH__ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 26 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

MALONE, MICHAEL L. 0301236
Plaintiff's name and ID Number
T.C.C.C. 590/24
100 N. LAMAR ST
FORT WORTH, TX. 76102
Place of Confinement

CASE NO. __4-09CV-634-Y__
(Clerk will assign the number)

v.

SEE ATTACHMENT A.
Defendant's name and address

_____
Defendant's name and address

_____
Defendant's name and address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate District Court, the Division and an address list of the Divisional Clerks.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of $350.00.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis (IFP)*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire $350 filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: OCTOBER 2001, APRIL 2002 (SEE ATTACHMENT B.)

        2. Parties to previous lawsuit:
           Plaintiff(s) MICHAEL L. MALONE 826095
           Defendant(s) CAPT. OWENS, DIRECTOR T.D.CJ, INSTITUTIONAL DIVISION

        3. Court: (If federal, name the district; if state, name the county.) SOUTHERN DIST., TEXAS - HOUSTON DIV.

        4. Docket Number: DON'T KNOW

        5. Name of judge to whom case was assigned: DON'T KNOW

        6. Disposition: (Was the case dismissed, appealed, still pending?) DISMISSED

        7. Approximate date of disposition: MAY 2004

II. PLACE OF PRESENT CONFINEMENT: **TARRANT COUNTY JAIL**

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution? ___ YES ✓ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: **MICHAEL L. MALONE 0301236**
**100 N. LAMAR ST.**
**FT. WORTH TX. 76102**

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: **(SEE ATTACHMENT A.)**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: **(SEE ATTACHMENT A.)**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: **(SEE ATTACHMENT A.)**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: **(SEE ATTACHMENT A.)**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: **(SEE ATTACHMENT A.)**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

(SEE ATTACHMENT C)

VI. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

DEMAND FOR JURY TRIAL, AND (SEE ATTACHMENT D.)

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

MIKE MALONE

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.

715418, 026056, ALL I CAN REMEMBER.

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ___YES ✓NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____

2. Case Number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied?   ___YES ___NO

C. Has any court ever warned or notified you that sanctions could be imposed?  ___YES ✓NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed warning (if federal, give the district and division): _____

2. Case Number: _____

3. Approximate date warnings were imposed: _____

Executed on: 9/28/2009
            DATE

*Michael L. Malone*
MICHAEL L. MALONE
(Signature of plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $350 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this TWENTY-EIGTH day of SEPTEMBER, 2009.
           (Day)                (month)            (year)

*Michael L. Malone*
MICHAEL L. MALONE
(Signature of plaintiff)

WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

5

## ATTACHMENT A.

1). FORT WORTH, TEXAS POLICE DEPARTMENT (F.W.P.D.),
   JEFF HALSTEAD, CHIEF OF POLICE
   350 W. BELKNAP ST.
   FT. WORTH, TX. 76102

2). THE CITY OF FORT WORTH, TEXAS
   1000 THROCKMORTON ST.
   FT. WORTH, TX. 76102

3). F.W.P.D. OFFICER A. TIDWELL ("K-9" OFFICER).
   350 W. BELKNAP ST.
   FT. WORTH, TX. 76102

4). F.W.P.D. OFFICER STROUD, WEST FIELD OPERATIONS
   350 W. BELKNAP ST.
   FT. WORTH, TX. 76102

5). F.W.P.D. OFFICER J. DAVIS, WEST FIELD OPERATIONS
   350 W. BELKNAP ST.
   FT. WORTH, TX. 76102

6). F.W.P.D. OFFICER(S) JOHN DOE(S), UNKNOWN OFFICERS WHO WERE PRESENT AT CRIME SCENE.;
   350 W. BELKNAP ST.
   FT. WORTH, TX. 76102

7). F.W.P.D. OFFICER JANE DOE(S), UNKNOWN OFFICERS WHO WERE PRESENT AT CRIME SCENE.;
   350 W. BELKNAP ST.
   FT. WORTH, TX. 76102

8). F.W.P.D. SUPERVISOR(S), OF OFFICERS PRESENT AT CRIME SCENE.
   350 W. BELKNAP ST.
   FT. WORTH, TX. 76102

9). INTERNAL AFFAIRS DIVISION, OFFICERS/EMPLOYEES
   350 W. BELKNAP ST.
   FT. WORTH, TX. 76102

\* UNKNOWN OFFICERS WILL BE NAMED ON AMENDED COMPLAINT UPON DISCOVERY AND/OR PRODUCTION OF DOCUMENTS.

I. PREVIOUS LAWSUITS
   B.
      1. APRIL, 2002.
      2. MICHAEL L. MALONE #826096
      3. TARRANT COUNTY
      4. DON'T KNOW
      5. DON'T KNOW DISTRICT JUDGE, LEIGH ANNE DAUPHINOT ON APPEAL.
      6. DISMISSED, APPEAL DISMISSED
      7. MAY, 2004 -

# V.
## STATEMENT OF CLAIM

1. Now comes MICHAEL L. MALONE, Indigent, Pro Se, and layman of law; claiming 4th, 5th, 14th and/or 8th Amendment violations of his constitutional rights pursuant to Title 42 Section 1983 U.S.C.

2. On or about the 23rd. day of July, 2009 investigation will show: That at approximately 9:30 p.m.; on a dead end street, one-half a block off of Alta Mere Drive in Fort Worth, Texas; officers of the Ft. Worth Police Department, namely Officers A. Tidwell (K-9 Officer), Stroud, J. Davis, and other unknown officers; on ground and air (helicopter); as well as Internal Affairs Division officers/employees who had subsequent knowledge of these violations, acting under the color of law, and as agents of Police Chief Jeff Halstead and the City of Fort Worth, did in fact violate plaintiff's right to be secure in his person, to be free from the excessive use of force, to equal protection of the laws, and to due process of law under the 4th, 5th, 14th and/or 8th Amendments to the Constitution. Furthermore, the defendant's actions subjected plaintiff to harm stemming from false arrest, false imprisonment, perjury, malicious prosecution, aggravated assault, assault and battery, intentional infliction of emotional distress, mental anguish, outrageous conduct, invasion of privacy, negligence, gross negligence, negligent hiring, retention and supervision, and police brutality.

3. Specifically, plaintiff was "pistol whipped" [hit in the mouth with a loaded gun] through the open drivers side window by Officer A. Tidwell (K-9 Officer), acting as an agent of Police Chief Halstead and the City of Fort Worth, and in his official capacity; then and there, unnecessarily, excessively, wantonly, and intentionally used force in assaulting plaintiff; while plaintiff's hands were sticking out of window and in plain sight of police officers at the scene. Because of this assault, plaintiff has suffered constant pain in his jaw and neck as well a broken

TOOTH.

4. BECAUSE OF PLAINTIFF BEING UNABLE TO OPEN DRIVER'S SIDE DOOR, HE WAS HAVING A DIFFICULT TIME YIELDING TO OFFICER TIDWELL'S COMMAND OF "GET OUT OF THE VEHICLE!". THEREFORE, AFTER ALREADY BEING "PISTOL WHIPPED", APPARENTLY FOR NO REASON OTHER THAN TELLING OFFICER TIDWELL "THIS ISN'T MY TRUCK; I CAN'T OPEN THE DOOR"; AND AT THE SHATTERING OF THE FRONT PASSENGER WINDOW BY AN UNKNOWN OFFICER, UNDER A CLEARLY PANICKED AND OUT OF CONTROL OFFICER TIDWELL'S COMMAND OF "BREAK OUT THE G.D. WINDOW!", PLAINTIFF, WITH OFFICER TIDWELL'S QUIVERING GUN POINTED AT HIM, AND, FOR FEAR OF HIS LIFE, TOLD OFFICER TIDWELL "I AM COMING OUT OF THE WINDOW". PLAINTIFF NEVER HAD THAT OPPORTUNITY, AS, AT THAT POINT, OFFICER TIDWELL, ACTING IN HIS OFFICIAL CAPACITY AND AS AN AGENT OF POLICE CHIEF HALSTEAD AND THE CITY OF FORT WORTH, PUT THE "K-9" DOG INTO THE DRIVER'S SIDE WINDOW PULLING PLAINTIFF TO THE GROUND AWKWARDLY, APPARENTLY INJURING BOTH SHOULDERS, NECK, BACK, AND RIGHT ANKLE WHICH WAS FRACTURED. THROUGHOUT THIS ORDEAL THE OTHER OFFICERS AT THE SCENE LOOKED ON WITH DELIBERATE INDIFFERENCE TO THIS WANTON AND UNNECESSARY USE OF EXCESSIVE FORCE.

5. PLAINTIFF INCURRED APPROXIMATELY FORTY (40) PUNCTURE WOUNDS; AS WELL AS IT TAKING APPROXIMATELY THIRTY (30) SUTURES TO CLOSE THE OTHER WOUNDS INFLICTED BY POLICE CHIEF HALSTEAD'S "K-9" DOG. WHOM, WHILE UNDER THE CARE AND CONTROL OF ONE OFFICER A. TIDWELL DID, THEN AND THERE, ATTACK PLAINTIFF, AS HE/SHE [K-9 DOG] DID HEED ITS MASTERS REPEATED "BITE" COMMANDS. PLAINTIFF WAS PRONE AND DEFENSELESS, AS HE WAS FACE DOWN, "SPREAD EAGLE" AND IN FEAR FOR HIS LIFE, AS OFFICER A. TIDWELL, WHILE DISCHARGING, UNLAWFULLY, AN OFFICIAL DUTY, AND WHILE POINTING HIS LOADED GUN APPROXIMATELY ONE FOOT FROM PLAINTIFF'S HEAD, DID, THEN AND THERE, OFFER THE TERRORISTIC THREAT OF: "F___ WITH MY DOG AND I WILL KILL YOU". PLAINTIFF SUFFERS FROM APPARENT, PERMANENT NERVE AND MUSCLE TISSUE DAMAGE, AS WELL AS EXTERNAL SCARRING FROM THIS MALICIOUS, SADISTIC, AND UNJUSTIFIED MAULING; CARRIED OUT FOR THE VERY PURPOSE OF CAUSING HARM. ALL THE WHILE, WITH THIS POLICE BRUTALITY HAPPENING, ALL THE OTHER OFFICERS

present did nothing to stop or prevent the very violations which they are duly sworn to protect. Some, even encouraging this unnecessary, hardcore inhuman (K-9 dog) punishment; incompatible with, and completely lacking, in any respect, to current notions of human dignity. With one officer's [Stroud] prediction of: "I bet you'll be having nightmares about this", coming true; as plaintiff is now suffering mental anguish and emotional distress, due to "night terrors" brought on by this unjustified act of police brutality, intentionally carried out for the sole purpose to chastise and cause harm.

6. Upon arrival of the Medstar (ambulance) emergency medical technicians, per officer Stroud, an agent of the City of Ft. Worth and Police Chief Halstead; and after deliberations on this issue; decided to place plaintiff "face-down" on the stretcher; as officer Stroud told emergency medical technicians to: "leave the handcuffs on behind him and throw him face-down on the stretcher"; thus further aggravating injuries already incurred by plaintiff, or creating new ones. While accompanying plaintiff to the hospital in the ambulance, officer Stroud's reaction to plaintiff's cries of pain was: "quit crying, you sound like a little girl". A prime example of the City of Ft. Worth's policemen's views toward the civil rights of its citizens, their health and well being; as well as a reflection of the laissez-faire and deliberate indifferent attitude the City, Police Chief Halstead, and his Internal Affairs Division have toward investigating and disciplining its officers, and the lack of implementation, investigation, and enforcement of any policies in relation to charges of its officers excessive use of force, police brutality, and violating the civil rights of the citizens they're supposed to be protecting.

7. Plaintiff was arrested and charged with aggravated assault on a public servant, in an effort by the Fort Worth police and officer A. Tidwell to cover up for his unlawful actions. Thus, intentionally and knowingly, committing false arrest, perjury, aggravated perjury, malicious prosecution, and perjury

IN AID OF MALICIOUS PROSECUTION. OF COURSE TO BE ADDED TO THE AGGRAVATED ASSAULT WITH A DEADLY WEAPON, AND/OR ATTEMPTED MURDER CHARGES OF AFOREMENTIONED OFFICER A. TIDWELL, MENTIONED IN PARAGRAPHS 2,3,4, AND 5; ALL OF WHICH ARE UNLAWFUL ACTS AND SUBJECT TO BOTH COMMON LAW AND CIVIL RIGHTS VIOLATIONS OF PLAINTIFF.

8. PLAINTIFF CONTENDS THAT THE CITY DEFENDANTS ENGAGED IN A COURSE OF CONDUCT, BY NEGLIGENTLY FAILING, ON A CONTINUAL BASIS, TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE OFFICERS, WITH RESPECT TO THE USE OF EXCESSIVE FORCE UNREASONABLY DURING THE MAKING OF ARRESTS, AND THEIR DELIBERATE INDIFFERENCE TO THE SUPERVISION OF THE DEFENDANT POLICE OFFICERS PROXIMATELY RESULTED IN THE DEPRIVATION OF MY RIGHTS NOT TO BE PUNISHED OR TO HAVE EXCESSIVE USE OF FORCE USED AGAINST ME DURING MY ARREST OR DETENTION WITHOUT DUE PROCESS OF LAW IN VIOLATIONS RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS AND PURSUANT TO TITLE 42 SECTION 1983 U.S.C.

9. PLAINTIFF ALLEGES THAT THE CITY OF FT. WORTH AND CHIEF HALSTEAD, AS A MATTER OF POLICY, FAILED ADEQUATELY TO DISCIPLINE, TRAIN, OR DIRECT POLICE OFFICERS AS TO THE RIGHTS OF CITIZENS. AND, BY DELIBERATELY FAILING TO SANCTION OR DISCIPLINE, OR DIRECT POLICE OFFICERS FOR VIOLATING THE CONSTITUTIONAL RIGHTS OF CITIZENS, AND SUBSEQUENTLY CONCEALING THOSE VIOLATIONS, THE POLICY WOULD ENCOURAGE POLICE OFFICERS TO ENGAGE IN UNLAWFUL CONDUCT.

10. PLAINTIFF ALLEGES THAT THE CITY'S RESPONSE TO MY COMPLAINTS WERE NOT ONLY UNINTERESTED AND SUPERFICIAL, BUT ALSO NON-EXISTENT FOR THE MOST PART. AND THAT THE NUMBER OF COMPLAINTS OF POLICE BRUTALITY AND EXCESSIVE USE OF FORCE RECENTLY HAD TO PUT THE CITY ON NOTICE THAT THERE WAS A POSSIBILITY THAT ITS POLICE OFFICERS WERE WONT TO USE EXCESSIVE FORCE. THE CITY'S KNOWLEDGE OF THESE ALLEGATIONS, AND THE NATURE AND EXTENT OF ITS EFFORTS TO INVESTIGATE AND RECORD THE CLAIMS ARE PERTINENT TO MY CONTENTION THAT THE CITY HAS A POLICY OF NON-SUPERVISION OF ITS POLICEMEN THAT REFLECTS A DELIBERATE INDIFFERENCE TO THEIR USE OF EXCESSIVE FORCE AND POLICE BRUTALITY. THE CITY'S EFFORTS TO EVALUATE MY

claims have been nonexistent and/or so superficial as to suggest that it's [the City] official attitude is one of indifference to the truth of my claims. This attitude, in and of itself, bespeaks an indifference to my rights asserted in my claims. It's obvious the Chief of Police and/or the City do not, or has not, taken sufficients steps in their supervisory capacity in handling my claims.

11. Plaintiff contends, that surely sections of the City Charter make the City's Public Safety Board, or a similar type of board, responsible for the supervision of the Police Chief and/or his officers, and that the City Charter outlines the procedures for the consideration of charges against policemen. The very failure of the City Defendants to conduct a non-superficial investigation into civilian claims of excessive use of force and/or police brutality indicate that the City and the Chief simply did not, and do not care what a thorough investigation would reveal, and that they were indeed indifferent to whether or not excessive force was used or that police brutality was involved, and that I, as well as many other citizens before me, were deprived of our constitutional rights.

12. The Ft. Worth Police Department's tacit policies of using excessive force while arresting suspects for certain crimes (i.e. evading arrest) and that by maintaining these customs lead to the excessive use of force and premeditated/ag assault/attempted against me on the night in question.

13. The Ft. Worth P.D.'s tacit policies covering up crimes committed by their own, and that by maintaining these customs lead to my false arrest on aggravated assault charges in which members of the F.W.P.D., namely Officer A. Tidwell, committed aggravated perjury, perjury in aid of malicious prosecution, malicious prosecution, false arrest, and fraud.

## DAMAGES (X 1 MILLION U.S. DOLLARS) - ATTACHMENT D -

### COMPENSATORY DAMAGES FOR CONSCIOUS PAIN AND SUFFERING, DEPRIVATION OF CONSTITUTIONAL RIGHTS, FUTURE MEDICAL EXPENSES, AND LOST WAGES

| | |
|---|---|
| POLICE CHIEF JEFF HALSTEAD = | 5.00 |
| THE CITY OF FORT WORTH, TEXAS = | 7.50 |
| OFFICER A. TIDWELL, F.W.P.D. = | 5.00 |
| OFFICER STROUD, F.W.P.D. = | 2.50 |
| OFFICER J. DAVIS, F.W.P.D. = | 1.00 |
| JOHN DOE(S), F.W.P.D. = } = | 2.00 |
| JANE DOE(S), F.W.P.D. = } | |
| OFFICERS SUPERVISORS, F.W.P.D. = | 1.00 |
| INTERNAL AFFAIRS DIVISION = | 1.00 |
| SUBTOTAL (A) = | $ 25.00 (X 1 MILLION) |

### PUNITIVE DAMAGES

| | |
|---|---|
| POLICE CHIEF JEFF HALSTEAD = | 50.00 |
| THE CITY OF FORT WORTH, TEXAS = | 75.00 |
| OFFICER A. TIDWELL = | 25.00 |
| OFFICER STROUD = | 15.00 |
| OFFICER J. DAVIS = | 5.00 |
| JOHN DOE(S) = } = | 5.00 |
| JANE DOE(S) = } | |
| OFFICERS SUPERVISORS = | 5.00 |
| INTERNAL AFFAIRS DIVISION = | 20.00 |
| SUBTOTAL (B) = | $ 200.00 (X 1 MILLION) |

SUBTOTAL (A) = $25.00
SUBTOTAL (B) = $200.00
GRAND TOTAL = $225.00 (X 1 MILLION)

* ALL TOTALS AND DEFENDANTS SUBJECT TO CHANGE UPON DISCOVERY.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MALONE, MICHAEL L.

**DEFENDANTS** SEE ATTACHMENT A.

**(b)** County of Residence of First Listed Plaintiff: TARRANT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: TARRANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se, 100 N. Lamar St. Ft. Worth, TX 76102

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☒ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☒ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause:
EXCESSIVE USE OF FORCE/POLICE BRUTALITY

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 225,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 9/28/2009
SIGNATURE OF ATTORNEY OF RECORD Michael Malone

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

(817) 377-8754
4455 CAMP BOWIE BLVD. STE 114
FT WORTH TX 76107                         DWT: 12.9 5

SHIP TO:
  OFFICE OF THE CLERK
  ()
  U.S. DISTRICT COURT
  501 W 10TH ST ROOM 310
  NORTHERN DISTRICT OF TEXAS
  FORT WORTH TX 76102

4-09 CV-634-Y

TX 761 9-70

**UPS GROUND**
TRACKING #: 1Z 94W 335 03 5060 8505

BILLING: P/P          ShipRite Version 10 1/8/2004

REF 1: 01113295